

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 FEB -4 PM 4:31

LORETTA G. WHYTE
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN J. ALTIER,<br>Individually and on behalf of all others<br>similarly situated and identified below,<br><br>Plaintiff<br><br>v.<br><br>WORLEY CATASTROPHE RESPONSE, LLC,<br>BP CORPORATION NORTH AMERICA,<br>INC., and DEFENDANTS X, Y & Z<br><br>Defendants | Civil Action No.<br><br>CLASS ACTION<br>COMPLAINT<br><br>11-0241<br><br>SECT. J MAG. 1 |

### INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT

### NATURE OF THE ACTION, JURISDICTION, VENUE AND PARTIES

### (JURY TRIAL IS DEMANDED)

1.  Plaintiff brings this civil action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA" or the "Act") on behalf of himself and on behalf of all those similarly situated, to recover unpaid back wages (29 U.S.C. § 211(a)),

Fee $350.
✓ Process 16 (2)mn
X  Dktd
___ CtRmDep
___ Doc. No.

2. an additional equal amount as liquidated damages (29 U.S.C. § 216(c)), attorneys' fees and costs (29 U.S.C. § 216), and pre- and post-judgment interest. Plaintiff, as putative class representative, also seeks certification of this suit as a collective action on behalf of all current and former adjusters described, referenced and identified hereinbelow.

3. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1131 (federal question jurisdiction) and 29 U.S.C. § 216(b) (the FLSA).

4. The actions, inactions and policies alleged to be unlawful were committed by the defendants in and around Southeastern Louisiana, where Defendants Worley and BP were and are located and where Plaintiff and others similarly situated worked. Therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Louisiana and venue is proper.

5. Plaintiff, John J. Altier (hereinafter referred to as "Plaintiff" or "Altier"), has resided at all relevant times in, Ben Wheeler, Texas 85854. Plaintiff was employed by Defendants from on or about July 23, 2010 until on or about September 25, 2010 when he was terminated.

6. Defendant Worley Catastrophe Response, LLC (hereinafter referred to as "Defendant Worley"), is a corporation foreign to Louisiana which, among other things, provides catastrophe response services including claims adjustment, and maintains a presence and corporate address in Hammond, Tangipahoa Parish, Louisiana 70404. Worley may be served with process by delivering a copy of the summons and complaint to its Registered Agent, being James R. Lewis, 450 Laurel St., Suite 1600, Baton Rouge, Louisiana 70801.

7. Defendant BP Corporation North America, Inc. (hereinafter "Defendant BP") is a

corporation foreign to Louisiana engaged in the development and sale of petroleum products maintaining its principal corporate address at 501 Westlake Park Boulevard, Houston, Texas, 77079-2604. BP may be served with process by delivering a copy of the summons and complaint to its Registered Agent, The Prentice-Hall Corporation System, Inc., 320 Somerulos St., Baton Rouge, Louisiana 70802-6129.

8. Defendants X, Y and Z are individual and personal Defendants whose identities, after diligent search and inquiry, are not yet known to Plaintiffs, but who will be identified and served as soon as their identities become known.

9. Defendants are employers of Plaintiff within the meaning of the FLSA.

## BACKGROUND AND STATEMENT OF CLAIMS

10. Defendants employed Plaintiff as a claims adjuster from on or about July 23, 2010 until on or about September 25, 2010, when he was terminated.

11. Plaintiff was one of an estimated 1,300 claims adjusters employed on the project commonly know as "The BP Oil Spill" which occurred in 2010. Defendant BP contracted with Defendant Worley to adjust business interruption and other claims filed against BP related to The BP Oil Spill. Both Defendant BP and Defendant Worley were employers of Plaintiff and the other claims adjusters under the FLSA.

12. Plaintiff's primary job function, and the primary job function of the other claims adjusters was to respond to the damage claims from individuals and business owners affected by the BP oil spill to determine the extent of their losses due to the effects of the oil spill.

13. Plaintiff, and all other similarly situated claims adjusters were paid on a daily rate of pay.

14. Plaintiff, and all other similarly situated claims adjusters were specifically paid the daily

rate of pay for a 12 hour day.

15. Based on the day rate, Plaintiff's hourly wage was $68.75 per hour.

16. Plaintiff, and all other similarly situated claims adjusters worked significantly more than forty hours in most workweeks.

17. Plaintiff, and all other similarly situated claims adjusters did not and do not supervise two or more workers on a regular basis.

18. The primary duty of Plaintiff, and all other similarly situated claims adjusters is production work, not administrative work.

19. Plaintiff, and all other similarly situated claims adjusters were not paid on a salary basis.

20. Plaintiff, and all other similarly situated claims adjusters were non-exempt within the meaning of the FLSA.

21. Notwithstanding the fact that Plaintiff, and all other similarly situated claims adjusters were non-exempt, Defendants never paid Plaintiff, or any other similarly situated claims adjusters any overtime, at time-and-one-half their regular rate of pay.

22. Defendants were required to pay Plaintiff, and all other similarly situated claims adjusters, as non-exempt employees at the rate of time-and-one-half their regular rate of pay for any hours worked in excess of forty hours in a workweek.

23. Defendants knew they were required by the FLSA to pay the time-and-one-half rate for overtime.

24. Defendants knowingly and intentionally failed to pay Plaintiff, and all other similarly situated claims adjusters' overtime.

25. Plaintiff complained on several occasions to management about not being paid for the

overtime hours he worked.

26. Despite repeated requests by Plaintiff to be paid for the overtime hours management refused to pay him.

27. Defendants terminated Plaintiff.

28. The failure to pay overtime was a violation of §§207(a) and 15(a)(2) of the FLSA.

## CLASS ACTION ALLEGATIONS

29. There is a class of approximately 1,300 other claims adjusters who have performed work similar to Plaintiff since June 2010.

30. The similarly situated claims adjusters have been paid a daily rate of pay.

31. The similarly situated claims adjusters have not supervised two or more workers on a regular basis.

32. The primary duty of the similarly situated claims adjusters is production work, not administrative work.

33. The similarly situated claims adjusters were not paid on a salary basis.

34. The similarly situated claims adjusters have been non-exempt within the meaning of the FLSA.

35. The similarly situated claims adjusters have worked in excess of 40 hours in many workweeks since June, 2010.

36. The similarly situated claims adjusters have not been paid for overtime at time-and-one-half the regular rate of pay for hours worked in excess of 40 hours in many workweeks since June, 2010.

37. The similarly situated claims adjusters are entitled to payment of overtime at time-and-

one-half their regular rate of pay since June, 2010.

38. The similarly situated employees of Defendants on whose behalf this lawsuit is brought include all present and former employees of Defendants who have held the position of claims adjuster, or who have performed duties similar to the duties performed by Plaintiff since June, 2010. These individuals have been subject to the same policies and practices as Plaintiff regarding non-payment of overtime wages at time-and-one-half their regular rate of pay.

39. Defendants have violated 29 U.S.C. §207 of the FLSA by failing to pay Plaintiff, and all other similarly situated claims adjusters, overtime compensation required by the FLSA in workweeks in which such employees have worked in excess of forty hours.

40. Defendants' violations have been willful.

41. Prosecuting this case as a class action for similarly situated employees who have been unlawfully denied overtime wages will promote judicial efficiency and will best protect the interest of the class members.

42. There are no conflicts of interest among the class members.

43. Counsel for the Representative Plaintiff, J.P. Hughes, Jr., and Hughes Brown, PLLC are experienced in the field of employment law (including overtime claims under the FLSA), and class actions, and will fairly and competently represent the interests of the class members.

### COUNT I: OVERTIME - FAIR LABOR STANDARDS ACT (FLSA) (INDIVIDUAL AND CLASS)

44. Plaintiff, and all other similarly situated claims adjusters, are non-exempt. Plaintiff, and all other similarly situated claims adjusters, are entitled to overtime at a rate of time-and-

one-half their regular rate of pay for hours worked in excess of forty (40) hours per week.

45. Plaintiff, and all other similarly situated claims adjusters, have worked in excess of forty (40) hours in many workweeks since June, 2010.

46. Defendants have failed to pay overtime to Plaintiff, and all other similarly situated claims adjusters, for hours worked in excess of forty (40) hours in many workweeks since Defendant's failure to pay overtime was knowing and willful.

**WHEREFORE**, Plaintiff respectfully request that this Court:

A. Order Defendants to make Plaintiff, and all other similarly situated claims adjusters, whole by paying overtime wages due;

B. Order Defendants to pay interest and liquidated damages on wages owed;

C. Order Defendants to make Plaintiff, and all other similarly situated claims adjusters, whole by paying monetary damages, liquidated damages, interest and other affirmative relief necessary to eradicate the effects of its illegal actions;

D. Order Defendants to pay costs and attorney fees incurred by Plaintiffs;

E. Grant such further relief as the Court deems necessary and proper.

RESPECTFULLY SUBMITTED,

*[signature]*

J. P. Hughes, Jr. (La. Bar # 21302)
Hughes Brown, PLLC
1300 Access Road, Suite 100
Oxford, MS 38655
L: (662) 234-6080
F: (800) 515-5446
Counsel for Plaintiff & Class