UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALTIER                                             CIVIL ACTION

VERSUS                                             NO: 11-241

WORLEY CATASTROPHE                                 SECTION: J(1)
RESPONSE, LLC ET AL.

## ORDER AND REASONS

Before the Court are Defendant Worley Catastrophe Response, LLC's ("Worley")

**Motion to Dismiss or for More Definite Statement (Rec. Doc. 55)**, Plaintiffs'

**Opposition** to Worley's Motion (Rec. Doc. 61), Plaintiffs' **Motion to Strike Worley's**

**Motion to Dismiss (Rec. Doc. 65)**, Defendant BP Exploration & Production Inc.'s

("BP") **Motion to Dismiss (Rec. Doc. 76)**, and Plaintiffs' **Opposition** to BP's Motion

**(Rec. Doc. 84)**.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

On February 4, 2011, lead Plaintiff John Altier filed this lawsuit (11-241)

individually and on behalf of others similarly situated against his former employer,

Worley Catastrophe Response, LLC, and BP to recover overtime wages allegedly due

under the Fair Labor Standards Act ("FLSA"). On the same day, Altier filed a second

lawsuit (11-242) solely against Worley asserting claims for breach of contract, unjust

enrichment, fraud, and punitive damages based on Worley's alleged failure to pay

compensation due under the employment agreements between Worley and Plaintiffs.

The Court subsequently consolidated these two cases.

At issue in these three Motions is whether Plaintiffs have sufficiently pled that Worley and BP were joint employers for purposes of liability under the FLSA.

## PARTIES' ARGUMENTS

The FLSA provides that "[a]ny employer who violates the provisions of section 6 or section 7 of the Act . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation." 29 U.S.C. § 216(b). An "employer" is defined as including "any person acting directly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit utilizes the "economic reality test" to determine whether a defendant is a joint employer under the FLSA, nothing that this inquiry "does not depend on technical or isolated factors but rather on the circumstances of the whole activity . . . it depends not on the form of the relationship but on the economic reality." Hodgson v. Griffin and Brand of McAllen, Inc., 471 F.2d 235, 237 (5th Cir. 1973). The Fifth Circuit has considered the following five factors under this test: "(1) degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and alleged employer: (3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." Reich v. Circle C. Investments, Inc., 998 F.2d 324, 327 (5th Cir. 1993).

BP contends that under the Fifth Circuit's "economic reality" test, it is not a joint employer for purposes of the FLSA. BP argues that Plaintiffs have not alleged any facts which indicate that, as a matter of economic reality, BP was Plaintiffs' employer. Plaintiffs do not allege that BP hired them, supervised their daily work,  paid their wages, had the power to terminate them, or had any control over Worley's employment

2

decisions. According to BP, although Plaintiffs allege that they were expected to comply with the terms and conditions imposed by BP, Plaintiffs are simply relying on general boilerplate provisions in their employment contracts that make no mention of BP. Moreover, BP explains that Plaintiffs do not point to specific terms and conditions that they were obligated to follow. Accordingly, BP avers that Plaintiffs fail to meet the "economic reality test."

BP also argues that Plaintiffs are not allowed to rope BP into this collective action on the basis of conclusory allegations that BP was their employer and proceed to conduct substantial and costly discovery. Lastly, BP points out that the employment agreements explicitly establish that Worley was Plaintiffs' sole employer.

Plaintiffs emphasize that courts have adhered to the firmly established principle that the FLSA must be liberally construed to effectuate Congress' remedial intent and moreover that courts have defined the term "employer" more broadly under the FLSA than in other common-law applications. They counter that BP ignores several factual allegations related to its role as a joint employer under the FLSA–specifically, that BP may be their joint employer for their services rendered exclusively for claims from the BP Oil Spill because Plaintiffs would not have been paid unless they performed their services pursuant to the terms and conditions imposed by BP. Plaintiffs also argue that they are not required to allege the specifics of the BP-established claims process that they were required to follow in order to satisfy the pleading requirements of Rule 8.

Parties dispute the applicability of Mendoza v. Essential Quality Const., Inc., 691 F. Supp. 2d 680 (E.D. La. 2010). In this case, construction workers sued a general contractor under the FLSA, and the court held that the workers had adequately pled

3

facts from which it was plausible to conclude that the general contractor was their employer for FLSA purposes. BP distinguishes the instant case from <u>Mendoza</u>, arguing that in <u>Mendoza</u>, plaintiffs were jointly hired by the contractor and subcontractor, the contractor's superintendent monitored the plaintiffs' work on a daily basis, the contractor approved of their daily rates of pay, and both the contractor and subcontractor provided plaintiffs with materials to conduct their jobs. According to BP, Plaintiffs here have alleged much fewer facts to support their claim that BP was a joint employer.

Conversely, Plaintiffs cite <u>Mendoza</u> to support their position that the Court here and the court in <u>Mendoza</u> "cannot determine at this stage whether this would preclude the possibility of an employment relationship." <u>Id.</u> at 685-86. Judge Africk denied the defendant's motion to dismiss because "[a]ccepting all well-pleaded facts as true and liberally construing all factual allegations in the light most favorable to the plaintiffs," it was "plausible that the [general contractor] was plaintiffs' employer under the FLSA." <u>Id.</u> at 686. According to Plaintiffs, the specific allegation that Worley's employment agreements with Plaintiffs required them to comply with the terms and conditions imposed by BP or else they would not be paid for their services should alone suffice to allege BP's employer status under the FLSA.

## DISCUSSION

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

4

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 129 S.Ct. at 1949-50.

The FLSA provides that "[a]ny employer who violates the provisions of section 6 or section 7 of the Act . . . shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation." 29 U.S.C. § 216(b). An "employer" is defined as including "any person acting directly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Fifth Circuit utilizes the "economic reality test" to determine whether a defendant is a joint employer under the FLSA and considers the following five factors under this test: "(1) degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and alleged employer: (3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." Reich v. Circle C. Investments, Inc., 998 F.2d 324, 327 (5th Cir. 1993). However, "the touchstone of 'economic reality' in analyzing a possible employee/employer relationship for purposes of the FLSA is

dependency." <u>Mendoza</u>, 691 F. Supp. 2d at 685.

Plaintiffs argue that because Worley's employment agreements with Plaintiffs required them to comply with the terms and conditions imposed by BP, Plaintiffs would not be paid unless they complied with BP's directives. Plaintiffs use this allegation to construe a possible employer relationship between themselves and BP. However, under the "economic reality" test, Plaintiffs would only satisfy the first factor–even viewing the facts in the light most favorable to them. If BP did control Plaintiffs through their terms and conditions, the first factor would weigh in favor of the Plaintiffs. However, Plaintiffs have asserted no facts or allegations that speak to the other four factors of the test. Moreover, Plaintiffs offer no facts or allegations to demonstrate that their relationship with BP embodies the linchpin of the test–dependency.

A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. Plaintiffs have not pled sufficient facts for the Court to draw a reasonable inference that there was an employer relationship between Plaintiffs and BP. The fact that Worley's employment agreements with Plaintiffs required Plaintiffs to comply with the terms and conditions imposed by BP is simply insufficient to survive BP's Motion to Dismiss. The Court agrees with BP that Plaintiffs here have alleged far less than the plaintiffs in <u>Mendoza</u>.

Accordingly, **IT IS ORDERED** that Defendant BP's **Motion to Dismiss (Rec. Doc. 76)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Worley's **Motion to Dismiss or for**

**More Definite Statement (Rec. Doc. 55)** and Plaintiffs' **Motion to Strike Worley's Motion to Dismiss (Rec. Doc. 65)** are hereby **DENIED AS MOOT**.

      **IT IS FURTHER ORDERED** that oral argument on these Motions, currently scheduled for May 11, 2011, is hereby **CANCELLED.**

      New Orleans, Louisiana this 9th day of May, 2011.

CARL J. BARBIER
U.S. DISTRICT COURT JUDGE