UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN J. ALTIER | CIVIL ACTION |
| VERSUS | NO. 11-241 |
| | c/w 11-242 |
| WORLEY CATASTROPHE RESPONSE, LLC ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER AND REASONS ON MOTION

Plaintiffs brought Civil Action No. 11-241 pursuant to the Fair Labor Standards Act as a putative class and collective action against defendants BP Exploration & Production Inc. ("BP"), Worley Catastrophe Response, LLC and Worley Catastrophe Services, LLC.[1]  Judge Barbier granted BP's motion to dismiss in Civil Action No. 11-241, based upon a finding that plaintiffs "have not pled sufficient facts for the court to draw a reasonable inference that there was an employer relationship between plaintiffs and BP."  Order and Reasons, Record Doc. No. 87 at p. 6.  Plaintiffs' claims against BP were dismissed with prejudice.  Order, Record Doc. No. 107, at p. 2.

This matter was subsequently referred to a United States Magistrate Judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon written consent of all parties.  Record Doc. No. 138.

---

[1] The consolidated case, Civil Action No. 11-242, is a contract-based putative class action against Worley Catastrophe Response, LLC, only.

BP's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b), Record Doc. No. 125, is pending. Plaintiffs filed a timely memorandum in opposition. Record Doc. No. 145. BP received leave to file a reply memorandum. Record Doc. Nos. 148, 150, 151.

Rule 54(b) provides that, "[w]hen an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court <u>may</u> direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b) (emphasis added). "Rule 54(b) requests should <u>not</u> be granted routinely." <u>Brown v. Miss. Valley State Univ.</u>, 311 F.3d 328, 332 (5th Cir. 2002) (emphasis added).

"To enter a Rule 54(b) final judgment, the district court must have disposed of 'one or more . . . claims or parties.' That requirement is jurisdictional . . . ." <u>Eldredge v. Martin Marietta Corp.</u>, 207 F.3d 737, 740 (5th Cir. 2000) (quoting Fed. R. Civ. P. 54(b)). In the instant case, the parties agree that the court's dismissal order disposed of all of plaintiffs' claims against BP.

Thus, the only issue is whether "there is no just reason for delay." This question "'is left to the sound judicial discretion of the district court to determine the "appropriate time" when each final decision in a multiple claims action is <u>ready for appeal</u>.' In

making this decision, the district court must consider 'judicial administrative interests as well as the equities involved.'" Brown, 311 F.3d at 332 (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8, 10 (1980)) (citing Fed. Sav. & Loan Ins. Corp. v. Cribbs, 918 F.2d 557, 559 (5th Cir. 1990)) (emphasis added).

"Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice . . . ." Fitch v. Wells Fargo Bank, N.A., No. 08-1639, 2010 WL 4553455, at *1-2 (E.D. La. Oct. 28, 2010) (Vance, J.) (citing PYCA Indus., Inc. v. Harrison County Waste Water Mgmt. Dist., 81 F.3d 1412, 1421 (5th Cir. 1996)); accord Ordemann v. Livingston, No. 06-4796, 2007 WL 1651979, at *1 (E.D. La. June 7, 2007) (Feldman, J.). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." PYCA Indus., Inc., 81 F.3d at 1421 (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956); Ansam Assocs., Inc. v. Cola Petroleum, Ltd., 760 F.2d 442, 445 (2d Cir. 1985)) (emphasis added).

"A major factor the district court should consider is whether the appellate court 'would have to decide the same issues more than once even if there were subsequent appeals.'" Fitch, 2010 WL 4553455, at *1 (quoting H & W Indus., Inc. v. Formosa

Plastics Corp., 860 F.2d 172, 175 (5th Cir. 1988)) (internal quotation omitted); accord Ordemann, 2007 WL 1651979, at *1.

After weighing the appropriate factors, I find that Rule 54(b) certification is not appropriate in this case. BP has failed to convince the court that it is in some danger of hardship or injustice through delay that would be alleviated by certification. "The purpose of this Rule is to <u>allow an immediate appeal where a party would suffer a hardship</u> if he or she had to wait until the entry of a final judgment adjudicating all of the claims between all of the parties." Metro. Prop. & Cas. Ins. Co. v. Boston Reg'l Physical Therapy, Inc., No. 06-12059-NMG, 2009 WL 6490088, at *8 (D. Mass. Mar. 13, 2009) (citations omitted) (emphasis added). In this instance, BP obviously will not appeal the dismissal in its favor and plaintiffs strenuously oppose entry of a partial final judgment. BP's chimerical need to incur the costs of monitoring this ongoing litigation if a Rule 54(b) judgment is not entered does <u>not</u> describe any tangible injustice that would warrant certification.

On the other hand, entry of a partial final judgment would require plaintiffs to decide immediately whether to appeal the Rule 54(b) judgment, while the instant putative class and collective action continues. The litigation between plaintiffs and the two Worley entities "remains unresolved and may result in an appeal. Consequently, the possibility that entry of judgments will produce piecemeal review in this case outweighs

any potential danger of denying justice by delay." Fitch, 2010 WL 4553455, at *2; accord Ordemann, 2007 WL 1651979, at *2.

As the Eighth Circuit stated in similar circumstances,

> [t]his is simply a case where a number of defendants were sued and some of them have prevailed on a motion to dismiss. It is always true in such cases that there is a risk of having two trials. If, on appeal, plaintiffs succeed in establishing that the District Court was wrong in dismissing the complaint as to some of the defendants, then the case would have to be tried again. That is simply one of the costs of the final-judgment rule, costs which have already been weighed by Congress. The converse, of course, is that permitting appeals before final judgment causes delay, expense, and duplication of appellate process, especially in view of the fact that, statistically speaking, most appeals result in affirmances. No special circumstances exist in this case to indicate that the legislative weighing of costs and benefits that led to the final-judgment rule, a rule, incidentally, that has been the law ever since 1789, Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84, should not be respected here.

Huggins v. FedEx Ground Package Sys., Inc., 566 F.3d 771, 775 (8th Cir. 2009) (quotation and citation omitted); see also Taco John's of Huron, Inc. v. Bix Produce Co., 569 F.3d 401, 402-03 (8th Cir. 2009) (The circuit court dismissed plaintiffs' appeal for lack of jurisdiction, when the district court had granted the motion to dismiss of one of several defendants in a class action and certified a Rule 54(b) judgment in favor of that defendant. In the absence of any demonstrated "exigency . . . , we see no danger or hardship in allowing this case to take its ordinary course.").

Accordingly, BP's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) is denied.

New Orleans, Louisiana, this \_\_\_23rd\_\_\_ day of June, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE