IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN J. ALTIER, ET AL.<br>Individually and on behalf of all others<br>similarly situated, | )<br>)<br>) | Civil Action No. 11-00241<br>(Consolidated With:<br>Civil Action No. 11-00242) |
| | ) | |
| Plaintiffs, | )<br>) | COLLECTIVE ACTION |
| v. | )<br>) | MAGISTRATE JUDGE |
| WORLEY CATASTROPHE | ) | JOSEPH C. WILKINSON, JR. |
| RESPONSE, LLC, | ) | |
| WORLEY CATASTROPHE | ) | Reference:  11-00241 |
| SERVICES, LLC, and | ) | |
| DEFENDANTS X, Y & Z, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO ENJOIN DEFENDANTS FROM INCLUDING
MISLEADING STATEMENTS IN CLASS NOTICE ISSUED
IN RELATED, STATE-COURT ("*SULLIVAN*") CONTRACT CASE
[FILED UNDER SEAL PURSUANT TO AGREED PROTECTIVE ORDER]**

## TABLE OF CONTENTS

COVER PAGE ................................................................................................. i

TABLE OF CONTENTS ................................................................................ ii

TABLE OF AUTHORITIES ........................................................................ iv

I.   PROCEDURAL HISTORY ................................................................. 4

    A.   The Second-Filed *Sullivan* Case ................................................. 4

    B.   The Already Published FLSA Class Notice ................................... 4

    C.   Worley's Proposed Class Notice in *Sullivan* ............................... 5

    D.   Worley's Proposed "Ratification" Forms for the *Sullivan* Notice ................ 6

II.  THE PROPOSED NOTICE LANGUAGE AND "RATIFICATION" FORMS ARE MISLEADING, COERCIVE AND AN ATTEMPT TO THWART THIS COLLECTIVE ACTION ................................................................. 8

    A.   Class Members Need Not Independently Establish Venue Under Louisiana Law ................................................................. 8

    B.   Worley's Convenient Assertion That The Contract Applies Blatantly Contradicts Their Position Throughout The Litigation ............... 10

    C.   Worley Stayed Mum About The *Sullivan* Case In The Notice That Was Distributed In This Case ........................................................ 12

III. THE COURT SHOULD ENJOIN WORLEY FROM USING THE PROPOSED NOTICE AND "RATIFICATION" ELECTION FORMS ................... 12

    A.   Worley's Position Has Caused Irreparable Harm Freezing Participation In *Altier* ......................................................................... 12

    B.   This Court Has A Duty To Stop Worley's Misleading Notice From Reaching Class Members ........................................................ 13

VI.    CONCLUSION ........................................................................................14

WORLEY'S PROPOSED NOTICE IN *SULLIVAN* ............................................ Exhibit A
PLAINTIFFS' INTERVENTION MOTION IN *SULLIVAN* ................................. Exhibit B
BOB SIMON DEPOSITION TESTIMONY [Filed Under Seal] .......................... Exhibit C
CHARLIE BILBE DEPOSITION TESTIMONY [Filed Under Seal] ................. Exhibit D
ALLEN CARPENTER DEPOSITION TESTIMONY [Filed Under Seal] ........... Exhibit E
AFFIDAVIT OF J.P. HUGHES, JR. .................................................................... Exhibit F

## **TABLE OF AUTHORITIES**

**Cases:**

*Belt v. EmCare, Inc.*,
    299 F. Supp. 2d. 664 (E.D. Tex. 2003)...................................................13

*Friedman v. Intervet, Inc.*,
    730 F. Supp. 2d 758 (N.D. Ohio 2010)...................................................14

*Gulf Oil Comp. v. Bernard*,
    452 U.S. 89 (1981)...................................................13

*Ralph Oldsmobile, Inc. v. General Motors Corp.*,
    2001 WL 1035132 (S.D.N.Y. Sep. 7, 2001)...................................................14

*Thomas v. Charles Schwab & Co.*,
    683 So. 2d 734 (La. Ct. App. 1996), *writ denied,* 686 So. 2d 858-59 (La. 1997)....8

*Tramonte v. Daimler Chrysler Corp.*,
    760 So. 2d 1192 (La. Ct. App. 2000), *writ denied,* 768 So. 2d 1279 (La. 2000).....8

*Westerfield v. Quizno's Franchise Co.*,
    2007 WL 1062200 (E.D. Wis. Apr. 6, 2007)...................................................14

*Woods v. RHA/Tennessee Group Homes, Inc.*,
    2011 WL 3021742 (M.D. Tenn. July 22, 2011)...................................................14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN J. ALTIER, ET AL. | ) | Civil Action No. 11-00241 |
| Individually and on behalf of all others | ) | (Consolidated With: |
| similarly situated, | ) | Civil Action No. 11-00242) |
| | ) | |
| Plaintiffs, | ) | COLLECTIVE ACTION |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WORLEY CATASTROPHE | ) | JOSEPH C. WILKINSON, JR. |
| RESPONSE, LLC, | ) | |
| WORLEY CATASTROPHE | ) | Reference: 11-00241 |
| SERVICES, LLC, and | ) | |
| DEFENDANTS X, Y & Z, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO ENJOIN DEFENDANTS FROM INCLUDING
MISLEADING STATEMENTS IN CLASS NOTICE ISSUED
IN RELATED, STATE-COURT ("*SULLIVAN*") CONTRACT CASE
[FILED UNDER SEAL[1] PURSUANT TO AGREED PROTECTIVE ORDER]

---

[1] Plaintiffs request that this Memorandum and its Exhibits C-E be accepted under Seal pursuant to the parties' Stipulated FRCP 26(c) Protective Order (the "APO"). (Rec. Doc. 105-1 & 108.) The APO provides that, "In the case of depositions or other pretrial testimony, the designation of 'Confidential Information' shall be made by written notice to all parties within fourteen (14) days after receipt of the transcript of the testimony. All transcripts shall be considered 'Confidential Information' and subject to this Protective Order until expiration of such fourteen (14) day period, and such protection shall continue as to any portions of the transcript so designated within that time." (Rec. Doc. 105-1, APO, ¶ 4.) Plaintiffs do not intend to designate any of the cited pages of Bob Simon's and Charlie Bilbe's testimony (i.e., Exhibits C-D) as "Confidential," but must treat these pages as "Confidential" until the 14-day period designation period for Defendants has elapsed. Additionally, Defendants specifically designated Exhibit E (the deposition of Allen Carpenter taken in the *Sullivan* case) as "Confidential" under the parties' APO.

Worley's has engaged in a deliberate strategy with regard to the class members in this overtime collective action and the related, state-court ("*Sullivan*")[2] contract class action, which can be summed up in three words: Intimidate, divide and conquer. What it seeks to do is take completely different legal positions in competing state and federal courts, and use them as a mechanism to circumvent the prior orders of this court, indirectly manipulate the class Notice this Court has approved, and discretely intimidate, yet again,[3] the putative class members, for which this Court is the gate-keeper.

Class certification under Louisiana state law was recently granted in the related *Sullivan* breach of contract action. In their proposed class Notice for the *Sullivan* case (which encompasses the **same putative class members** as this case), Worley is now seeking to divide and mislead class members by stating that participation in the *Sullivan* action precludes participation in the *Altier* action, and vice-versa. The incredible basis for this claim is admittedly void forum selection clauses in *Sullivan* class member contracts. Despite the serious logical and legal inconsistencies with this argument, the legal uncertainties it creates have caused harm to the *Altier* class.

**First**, it is an elementary principle of class action law that each putative plaintiff does not have to independently establish venue. Putative plaintiffs are free-riders on the

---

[2] *Michael Sullivan, Charles Baldwin, Johnny Knighten, Jimmy Phillips and Ron Dickinson, Individually and as Class Representatives vs. The Worley Companies, Worley Catastrophe Services, LLC, Worley Catastrophe Response, LLC, and Claims Liquidating, LLC (f/k/a Worley Claims Services of Louisiana, Inc.)*, Civil Case No. 599055, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. See Plaintiffs' Notice of Related, Second-Filed State Case (Rec. Doc. 172), filed July 15, 2011 and which attached a copy of the *Sullivan* Petition as Exhibit 1, and Plaintiffs' Supplement to Prior Notice of Related, Second-Filed State Case (Rec. Doc. 175), filed July 19, 2011.

[3] *See* Plaintiffs' pending Motion for Remedial Relief from Defendants' Retaliation Threats to Class Members. (Rec. Doc. 223 (portions filed under seal).)

2

venue of the named class representatives. Thus, the mutual class members should not be advised in the *Sullivan* Notice that their participation in that case means that they have agreed to bring any and all claims against Worley in the 19th Judicial District Court of the State of Louisiana within the Parish of East Baton Rouge. Additionally, the forum selection clause is *void ab initio* under Louisiana law and does not create a special circumstance where class members would have to affirmatively ratify its provisions.

**Second**, Worley has consistently and doggedly claimed in depositions that the nearly identical employment agreements/contracts that over 1,200 Worley class members signed when they were deployed to work on the BP Oil Spill Project do not apply to their work on the BP Oil Spill Project – only to conveniently contradict itself now by citing a forum selection clause **within the contract** to try to bar those who participate in the *Sullivan* case for breach of contract from participating in this action for unpaid overtime under the Fair Labor Standards Act ("FLSA'). Worley is speaking out of both sides of its mouth – when addressing the substantive merits of the *Sullivan* contract action and the *Altier* contract action that is consolidated with *Altier*'s overtime action, Worley disputes that the Employment Agreement *ever* applied to the adjusters/evaluators' work on the BP Oil Spill Project. However, when communicating with the mutual class members about their legal rights via the *Sullivan* class Notice, Worley now wants to cite to a forum selection clause within the supposedly wholly inapplicable contract to try to confuse class members into thinking that they must choose between participating in this action for unpaid overtime or the *Sullivan* action for contract damages.

**Third**, the disingenuous nature of Worley's tactics in *Sullivan* is underscored by the fact that when the parties briefed this Court on the Court-approved Notice that was already sent out to the class in this action on August 22, Worley never uttered a word or offered an iota of suggested language that would advise the adjusters/evaluators that Worley intended to argue that their participation in this action for unpaid overtime would preclude them from participating in the related, second-filed *Sullivan* action, and that they would not even get any notice of the *Sullivan* class.

The misleading nature of Worley's proposed class communication in *Sullivan* and the irreparable harm it would cause to both classes if sent out require that Worley be enjoined from including such information in a final Notice that is issued in *Sullivan*.

## I.    PROCEDURAL HISTORY.

### A.    The Second-Filed *Sullivan* Case.

Lead Plaintiff John Altier filed this action for unpaid overtime under the FLSA and its consolidated action for breach of contract on February 4, 2011. (Rec. Doc. 1.) The *Sullivan* action for breach of contract was filed on February 8, 2011. (Rec. Doc. 172, Exhibit 1.) In contravention of Local Rule 3.1, Worley never filed any Notice of the *Sullivan* case in this action. Rather, Plaintiffs filed such Notice on July 15, 2011. (Rec. Doc. 172.)

### B.    The Already-Published FLSA Class Notice.

On July 11, 2011, this Court granted Plaintiffs' motion for certification of this case as a collective action under the FLSA. (Rec. Doc. 171.) On July 27, 2011, this Court denied Plaintiffs' Rule 23 class certification motion with respect to Plaintiffs'

4

contract claims. (Rec. Doc. 187.) On August 22, 2011, the Court-approved FLSA class Notice packets were distributed by mail and e-mail, with the opt-in period scheduled to expire on October 21, 2011. (*See* Rec. Doc. 189 & 191.) As already noted, nowhere in the extensive briefing concerning the FLSA class notice, nor in the actual class Notice, did Worley make any mention of the *Sullivan* case or its intent to treat participation in the two cases as mutually exclusive, thereby notifying class members of their looming waiver of other rights. (As further discussed in Plaintiffs' prior Notice of Related, Second-Filed State Case (Rec. Doc. 172), this and the *Sullivan* case involve the same defendants and defense counsel, and the *Sullivan* plaintiffs had already filed their motion for class certification when the parties were briefing the class Notice to be provided in this action.)

### C.   Worley's Proposed Class Notice In *Sullivan*.

On September 9, 2011, the *Sullivan* court granted class certification under applicable Louisiana law. A dangerous situation for likely confusion is imminent where the same FLSA class members in this action will contemporaneously be receiving notice of the *Sullivan* action for breach of contract during the opt-in window in this case.

The maze class members must navigate became more complex on September 22, 2011, when Plaintiffs learned that Worley's proposed Notice for use in the *Sullivan* case contains language that this action and the *Sullivan* action are mutually exclusive and that participation in one action precludes participation in the other. (*See* Ex. A.). Even more dangerous is the desire of Worley to actually exclude and not transmit any *Sullivan* Breach of Contract class Notice to anyone who has already opted-in the *Altier* FLSA

case.  Recognizing their duty to represent and protect all putative Class Members in the

*Altier* matter, on September 23, Plaintiffs immediately moved to intervene in the State

action for the purpose of raising issues with Worley's proposed Notice, which Motion is

still pending.  (Ex. B.)  The objectionable section of Worley's proposed notice in *Sullivan*

states:

> "**Choice of Forum and Law:** If you desire to be a member of this class, you must provide an express, knowing, and voluntary ratification of the provision in the written employment Agreement that requires your claims to be brought exclusively in the 19th Judicial District Court for the Parish of East Baton Rouge, where the Class Action is currently pending. Under Louisiana law, such provisions are null and void unless the employee provides this express, knowing, and voluntary ratification after the occurrence of the dispute that is the subject of the lawsuit. An Election Regarding Choice of Forum Provision form is attached to this Notice for this purpose. If you wish to expressly, knowingly, and voluntarily ratify the Choice of Forum Provision, sign and return the form. If you wish to reject the Choice of Forum provision, you do not need to sign or return anything. You will not be able to participate in the Class Action if you do not sign and return this form, but you will retain the right to file a lawsuit in another venue (provided another venue is a proper forum to litigate your claims).
>
> The written employment Agreement also contains a Choice of Law provision, which is null and void under Louisiana law unless the employee provides an express, knowing, and voluntary ratification after the occurrence of the dispute that is the subject of the lawsuit. An Election Regarding Choice of Law Provision form is attached to this Notice for this purpose. If you wish to expressly, knowingly, and voluntarily ratify the Choice of Law provision, sign and return the form. If you wish to reject the Choice of Law provision, you do not need to sign or return this form."

(Ex. A (Original emphasis).)

### D.      Worley's Proposed "Ratification" Forms For The *Sullivan* Notice.

Worley's proposed Notice for *Sullivan* also includes two forms that class

members must sign and return to indicate their "election" regarding the choice of forum

provision and their "election" regarding the choice of law provision within Worley's

standard Employment Agreement:

## "ELECTION REGARDING CHOICE OF FORUM PROVISION

I, _____, understand that I have the choice
to **ratify** or **reject** the choice of forum provision found in the employment
Agreement that Plaintiffs allege was breached. I understand that any
choice to ratify this provision must be express, knowing, and voluntary to
be valid. I understand that if I choose to ratify the choice of forum
provision, my claims can only be brought in the 19th Judicial District
Court of the Parish of East Baton Rouge, State of Louisiana, even if I
could have properly filed suit in another venue. I understand that if I
choose to reject the choice of forum provision, I need not sign or return
this form, and I will retain the right to file a lawsuit in another venue
(provided another venue is a proper forum to litigate my claims). I
understand that if I do nothing (do not return this form), I will be
considered to have rejected the choice of forum provision. By signing and
returning this form, I am expressly, knowingly, and voluntarily choosing
to ratify the choice of forum clause in the employment Agreement.

_____ Date

_____
                Signature

_____
              Typed or Printed Name"

## "ELECTION REGARDING CHOICE OF LAW PROVISION

I, _____, understand that I have the
choice to **ratify** or **reject** the choice of law provision in the employment
Agreement that Plaintiffs allege was breached. I understand that any
choice to ratify this provision must be express, knowing, and voluntary to
be valid. I understand that if I choose to ratify the choice of law provision,
Louisiana law will apply to my claims in the Class Action, even if the law
of another state would have otherwise governed my claims. I understand
that if I choose to reject the choice of law provision, I need not sign or
return this form, and I will retain the right to file a lawsuit under the laws
of another state (if the laws of another state are applicable to my claims).
By signing and returning this form, I am expressly, knowingly, and

7



voluntarily choosing to ratify the choice of law clause in the employment Agreement.

Date

Signature

Typed or Printed Name"

(Ex. A (Original emphasis).

## II.  THE PROPOSED NOTICE LANGUAGE AND "RATIFICATION" ELECTION FORMS ARE MISLEADING, COERCIVE AND AN ATTEMPT TO THWART THIS COLLECTIVE ACTION.

Worley is attempting to bamboozle the putative plaintiffs by unnecessarily strong-arming them into ratifying a choice of venue provision as a condition precedent to opting into the *Sullivan* action. Furthermore, the proposed communication is misleading and thwarts the FLSA collective action because it does not even mention the *Altier* action. (*See* Ex. A.) Nor does it mention the potential consequence (that Worley advocates, but Plaintiffs dispute) that ratifying the forum selection clause may have of barring putative plaintiffs from opting in to this already certified action. (*Id.*) Worley clearly desires to divide and conquer putative plaintiffs – giving them a Hobson's Choice between asserting either a contract or FLSA claim as part of a class.

### A.  Class Members Need Not Independently Establish Venue Under Louisiana Law.

It is an elementary principle of class action law that venue is determined where the *class representative(s)* can properly file his/their case. *Thomas v. Charles Schwab & Co.,* 683 So. 2d 734, 737 (La. Ct. App. 1996), *writ denied,* 686 So. 2d 858-59 (La. 1997); *Tramonte v. Daimler Chrysler Corp.*, 760 So. 2d 1192, 1193 (La. Ct. App. 2000), *writ*

8

*denied,* 768 So. 2d 1279 (La. 2000). Class members need not independently establish venue, because they are free-riders on the venue facts of the named Plaintiff(s). *Thomas, supra,* 683 So. 2d at 737 (approving nationwide class of Charles Schwab customers in Natchitoches Parish); *Tramonte, supra,* 760 So. 2d at 1193 (approving nationwide class action of car buyers in St. John the Baptist Parish).

If this were not the case, putative nationwide class members like those in *Thomas* and *Tramonte* would have no way of establishing venue. Surely, not every contract that a nationwide class of putative plaintiffs signed with Charles Schwab was signed in Natchitoches Parish, but a nationwide class could be maintained because Mr. Thomas (the lead plaintiff) had signed his contract in Natchitoches. *Thomas, supra,* 683 So. 2d at 737. The same can be said for *Tramonte* who purchased her car in St. John the Baptist Parish and maintained a nationwide action for its peeling paint there. *Tramonte, supra,* 760 So. 2d at 1193.

Likewise, there is no reason the Worley Employment Agreement should create a special circumstance or exception to the general class venue rules under Louisiana law. Worley admits in its proposed Notice that the choice of venue clause is "void" or dead under Louisiana law unless ratified. (Ex. A.) No matter how Worley stretches the bounds of legal reasoning, the dead do not walk.

Ratifying the choice of venue provision simply is not a necessary prerequisite to establishing proper venue in the State Court action. Worley's **only** purpose in seeking ratification of the venue clause is, thus, to try to thwart this collective action and the *Sullivan* class action simultaneously by trying to portray them as mutually exclusive.

9

Worst of all, Worley is engaging in a devious attempt to prevent participation in the *Altier* action without even giving Plaintiffs' notice of the opt-in rights that they would be giving up (under Worley's theory of the legal consequence of "ratification" of the forum selection clause).

**B.    Worley's Convenient Assertion That The Contract Applies Blatantly Contradicts Their Position Throughout This Litigation.**

Worley's sudden and convenient assertion that the contract does apply is disingenuous given the constant position of its high-ranking managers that this contract applied to insurance work only and did not apply to "environmental" catastrophes such as the BP Oil Spill.  Second in command Bob Simon, Worley's Director of Operations, testified in his deposition in the *Altier* case that the contract did not apply to class members:

> "Q.    Are you aware of any adjuster/evaluators who came onboard and signed this agreement to work on the BP oil spill project who have actually performed services that this agreement would apply to?
> A.    No."

(Ex. C, Simon Depo., 8:2-9:5; 13:4-20 & 78:19-25 [Filed Under Seal].)

Worley's Director of Environmental Services, Michael Charles Bilbe, echoed Simon's testimony that the contract does not apply:

> "Q.    Does that contract apply to employees who worked on the BP spill?
> A.    **It does not.**
> Q.    And why is that?
> A.    **This contract is for insurance services.  The BP spill was a non-insurance event.**
> Q.    Okay.    Look at Exhibit 6 [February 2011 Addendum to employment Agreement].  We looked at that earlier, didn't we?
> A.    **Yes, sir.**

> Q.     All right.   And is it your testimony earlier that -- that your
>        employment agreement with the adjusters and evaluators who
>        came to work on the BP spill was an oral contract?
> A.     **It was a verbal agreement.**"

(Ex. D, Bilbe Depo., 192:13-193:3 & 70:14-17 [Filed Under Seal].)

Worley's Manager of Corporate Compliance, Allen Carpenter, similarly testified

in his deposition in the *Sullivan* case:

> "Q.    Now, you're familiar with the employment contracts that we have
>        in this case, right?
> A.     **Yes.**
> Q.     Generally speaking.  What I'm trying to understand is were some
>        of these people that signed the contract, the employment contract
>        for the BP oil spill, would they have been considered management
>        for purposes of billing by Worley to ESIS?
> A.     **No one signed a contract for the BP oil spill project.**
> Q.     No one signed a contract for the BP project?
> A.     **Correct.**
> Q.     Now, why several contracts dated on or about July of 2010, it's
>        your testimony that those contracts were not signed for this event?
> A.     **Correct, they were not.**"

(Ex. E, Carpenter Depo., 8:12-9:12 & 39:8-21 [Filed Under Seal].)

Most recently, Worley has contended in its proposed Notice for the *Sullivan* case

that "the claims adjusters on the BP Oil Spill Project were paid pursuant to an oral

agreement wherein the adjusters agreed that their compensation would be computed

based on a flat daily rate for their professional claims adjusting services on the BP Oil

Spill Project." (Ex. A.)

It is absolutely disingenuous for Worley to engage in such an about-face.  Worley

contends (for liability purposes) that the contract does not apply and that its venue

selection provision is void even if it did apply.   If that is the case, the void and

inapplicable contract that putative plaintiffs signed should have no effect on their right to be part of either the *Altier* or *Sullivan* actions.

### C. Worley Stayed Mum About The *Sullivan* Case In The Notice That Was Distributed In This Case.

Had Worley genuinely believed that the *Sullivan* and *Altier* cases were mutually exclusive, it would have raised this point in its extensive briefing relating to the *Altier* Notice. Instead, Worley never uttered a peep about the potential effect of the dead forum selection clauses in Plaintiffs' allegedly inapplicable contracts. Its present argumentation is a tardy and desperate litigation afterthought devised to thwart two respective classes of litigants and reduce its skyrocketing liabilities.

## III. THE COURT SHOULD ENJOIN WORLEY FROM USING THE PROPOSED NOTICE AND "RATIFICATION" ELECTION FORMS.

### A. Worley's Position Has Caused Irreparable Harm Freezing Participation In *Altier*.

Worley's assertion that the classes are mutually exclusive has cast a cloud of uncertainty over the decision of putative plaintiffs to join the *Altier* suit. About ten putative plaintiffs represented by John Bel Edwards have been advised by counsel to wait out the State court's decision on venue selection before opting into *Altier*. (*See* Ex. F, Hughes Affidavit, ¶ 8.) The five named plaintiffs represented by counsel in *Sullivan* are also being advised not to opt in until this issue is resolved. (*See* Ex. F, Hughes Affidavit, ¶ 9.) In total, **fifteen** known plaintiffs have been actively dissuaded from joining *Altier* by Worley's tenuous position. These putative plaintiffs represented by counsel are in the **best position** to assert their rights, yet they are being chilled from opting into this litigation.

12

Given that attorneys are averse to advising their clients to opt-in to *Altier*, one can see the chilling effect on unrepresented putative class members. Anyone who is made aware of these potential implications through communications with attorneys or colleagues is unlikely to opt in to *Altier*. Therefore, irreparable harm to the *Altier* putative class has already occurred and corrective measures are necessary.

**B.      This Court Has A Duty To Stop Worley's Misleading Notice From Reaching Class Members.**

Because of the potential for abuses in employee collective actions, "a district court has both the duty and the broad authority to exercise control over a collective action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Comp. v. Bernard*, 452 U.S. 89, 100 (1981). Courts have limited communications with absent class members "where the communications were misleading coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the lawsuit." *Belt v. EmCare, Inc.*, 299 F. Supp. 2d. 664, 667 (E.D. Tex. 2003) (applying this standard to an FLSA collective action).

In *Belt*, the court found that an employer's communication was misleading, coercive and undermined the purposes of the collective action when the communication mischaracterized an FLSA collective action and the damages available. *Id.* at 668. In contrast, the potential damage to class members is far greater here, because Worley is actively and unnecessarily attempting to solicit opt-ins to waive their rights to join the *Altier* action. And Worley tries to do so without even giving putative plaintiffs the courtesy of informing them what rights they are giving up – i.e., the right to participate in this action for unpaid overtime and liquidated damages.

The signing of legally binding agreements that affect plaintiff rights during class proceedings can be particularly misleading and undermine the purposes of the collective action.  Courts have consistently held that legally binding agreements signed during class proceedings must be accompanied by information regarding the pending class action and a knowing waiver of rights to participate in the action, even if the class action has not been certified.  *Woods v. RHA/Tennessee Group Homes, Inc.,* 2011 WL 3021742, *10 (M.D. Tenn. July 22, 2011); *Friedman v. Intervet, Inc.,* 730 F. Supp. 2d 758, 763-67 (N.D. Ohio 2010); *Westerfield v. Quizno's Franchise Co.,* 2007 WL 1062200 *3 (E.D. Wis. Apr. 6, 2007); *Ralph Oldsmobile, Inc. v. General Motors Corp.,* 2001 WL 1035132 *4-7 (S.D.N.Y. Sep. 7, 2001).

The situation presented by this case is even more abusive and coercive than the situations in the cited cases.  At least the plaintiffs in those cases were knowingly waiving their rights for a settlement amount.  Worley seeks to coerce and bait class members to potentially waive their rights to join the *Altier* action by ratifying the venue provision for absolutely no consideration and without any warning of the legal consequences.  The *Sullivan* class Notice itself serves as an improper inducement for class members to waive their rights in *Altier* to assert potential rights in *Sullivan*.  If this Notice were to be approved, Worley could steal away class member rights to join the *Altier* action as easily as stealing candy from a baby.

IV.    **CONCLUSION.**

For these reasons, Plaintiffs pray that the Court grant Plaintiffs emergency relief enjoining Worley from sending out a Notice with the offending language and

14

"ratification" election forms and ask that the Court order Worley to confer with Plaintiffs

regarding any and all class communications to be sent out in the *Sullivan* case.

Respectfully Submitted,

**J. P. Hughes, Jr.**
LA Bar # 21302
**HUGHES BROWN, PLLC**
1300 Access Road
Suite 100
Oxford, MS 38655
L: (662) 234-6080
F: (800) 515-5446

**Michael A. Starzyk**
TX Bar # 00788461*
**April L. Walter**
TX Bar # 24052793*
**Raven Applebaum**
TX Bar # 24043644*
**Hessam Parzivand**
TX Bar # 24071157*
**STARZYK & ASSOCIATES, P.C.**
10200 Grogan's Mill Road
Suite 300
The Woodlands, TX 77380
L:  (281) 364-7261
F:  (281) 364-7533

**Joseph E. Fieschko Jr.**
PA Bar # 28797*
**FIESCHKO AND ASSOCIATES, NC.**
2230 Koppers Building
Pittsburgh, PA 15219
L:  (412) 281-2204
F:  (412) 338-9169

**John R. Linkosky**
PA Bar # 66011*
**JOHN LINKOSKY & ASSOCIATES**
715 Washington Avenue

15

Carnegie, PA 15106
T: (412) 278-1280
F: (412) 278-1282

*Admitted Pro Hac Vice*

**Counsel for Plaintiffs JOHN J.
ALTIER, ET AL., and All Others
Similarly Situated**

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2011, I served the foregoing Memorandum in Support of Plaintiffs' Motion to Enjoin Defendants From Including Misleading Statements in Class Notice Issued in Related, State-Court ("*Sullivan*") Contract Case [Filed Under Seal Per Agreed Protective Order] on the following in accordance with the Federal Rules of Civil Procedure:

Jennifer L. Anderson
Jones, Walker, Waechter, Poitevent,
    Carrere & Denegre, LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809-7000
E-mail: janderson@joneswalker.com
[**Via E-mail**]

Mary Margaret Spell
Jones, Walker, Waechter, Poitevent,
    Carrere & Denegre, LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
E-mail: mspell@joneswalker.com
[**Via E-mail**]

**James R. Lewis**
**Mary G. Erlingson**
Crawford Lewis
450 Laurel Street, Suite 1600
Baton Rouge, Louisiana 70801
E-mail: jlewis@crawford-lewis.com
E-mail: merlingson@crawford-lewis.com
[**Via E-mail**]

**Counsel for Defendant**
**Worley Catastrophe Response, LLC and**
**Worley Catastrophe Services, LLC**

Michael A. Starzyk