UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN J. ALTIER | CIVIL ACTION |
| VERSUS | NO. 11-241 c/w 11-242 |
| WORLEY CATASTROPHE RESPONSE, LLC ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## ORDER ON MOTIONS

APPEARANCES:  None (on the briefs)

MOTIONS:   (1)   Plaintiffs' Motion to File Under Seal and for In Camera Consideration [of] the Confidential and Attorney-Client Privileged Portions of the Memorandum and Evidence in Support of Plaintiffs' Motion for Remedial Relief From Defendants' Retaliation Threats to Class Members, Record Doc. No. 222
            (2)   Plaintiffs' Motion for Remedial Relief From Defendants' Retaliation Threats to Class Members, Record Doc. No. 223

O R D E R E D:

 (1) :  GRANTED IN PART AND DENIED IN PART.  The motion is granted insofar as it requests that the court review these materials in camera in connection with the separate motion for remedial relief.  I have done so.

The motion is denied insofar as it seeks an order that the materials be maintained under seal in the court's presumptively public record.  Much of the materials plaintiffs seek to have sealed is neither privileged nor confidential, because the materials either are (a) not communications, (b) were made outside any actual attorney-client relationship, (c) were made for purposes other than giving or receiving legal advice, or (d) the privilege was waived when one plaintiff testified concerning the information sought to be maintained as confidential.  As to those portions that may be privileged, if plaintiffs continue to pursue and persist in their separate motion for remedial relief, they will have waived any privilege by placing the materials "at issue."  Because the motion to seal is

hereby denied, plaintiffs may file another motion to remove the documents from the record within seven days. If no such motion is timely filed, the document(s) must be filed as a public record. Local Rule 5.6.

 (2) : DENIED. Plaintiffs have not made the "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" sufficient to establish "good cause" necessary to support entry of the overbearing protective order they seek in this case. Fed. R. Civ. P. 26(c)(1); In re Terra Int'l, Inc., 134 F.3d 302, 306 (5th Cir. 1998). This is a conditionally certified FLSA collective action, not a Rule 23 class action. I do not find a substantial potential for serious abuse of the sort necessary to support entry of the special order sought by plaintiffs. The vast majority of their purported evidence consists of hearsay, rumors and speculation unsupported by facts. The provisions of the notice already approved by the court concerning the prohibition on retaliation, discharge or discrimination appear sufficient at this time and make the letter sought by plaintiffs as part of the proposed order redundant and unnecessary. Demonstrated instances of retaliation, if they occur, may be individually actionable, without the broad relief sought in this motion.

New Orleans, Louisiana, this  5th  day of October, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE