UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN J. ALTIER | CIVIL ACTION |
| VERSUS | NO. 11-241 c/w 11-242 |
| WORLEY CATASTROPHE RESPONSE, LLC ET AL. | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

## **ORDER**

It appears that the parties are abusing the sealing procedures of their agreed protective order. As I have previously stated in this case, the court is a public forum. Its record is presumptively a <u>public</u> record, open to view by all, and requests to seal the court's record are <u>not</u> lightly granted or considered.

> To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. Courts recognize a common law right to access judicial records and proceedings, but the right is not absolute. Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better. It follows then that the district court's discretion to seal the record of judicial proceedings is to be exercised charily. Although countervailing interests can outweigh the right of public access, <u>the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption</u>. The decision as to access is left to the discretion of the trial court, but any doubt must be construed in favor of disclosure.

<u>Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.</u>, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005) (Vance, J.) (quotations omitted) (emphasis added) (citations omitted).

> The First Amendment presumes that there is a right of access to proceedings and documents which have historically been open to the public

and where the disclosure of which would serve a significant role in the functioning of the process in question. <u>This presumption is rebuttable upon demonstration that suppression "is essential to preserve higher values and is narrowly tailored to serve that interest."</u>

<u>Grove Fresh Distribs.</u>, 24 F.3d at 897 (quoting <u>Press-Enter. Co. v. Superior Ct.</u>, 464 U.S. 501, 510 (1984)) (additional quotation omitted) (emphasis added). As the Fifth Circuit has stated in another context, sealing items in the court's public record must be avoided where it "protects no legitimate privacy interest that would overcome the public's right to be informed." <u>In re: High Sulfur Content Gasoline Prods. Liab. Litig.</u>, 517 F.3d 220, 230 (5th Cir. 2008).

Accordingly, **IT IS ORDERED** that no further motions for sealing will be granted unless accompanied by (1) a certificate of counsel, stating that counsel for both parties have jointly reviewed the materials and agreed that the materials should be sealed in the record for reasons specifically cited in the certification of counsel justifying sealing, <u>or</u> (2) accompanied by <u>evidence</u> submitted by whichever party seeks to have the materials sealed, sufficient to establish the criteria necessary for sealing, as set forth in Local Rule 5.6 and under the applicable substantive law.

New Orleans, Louisiana, this    5th    day of October, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE